10-4032-ag
Palomino-Alzamora v. Holder

BIA
A096 679 485

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand twelve.

PRESENT:
            JOSÉ A. CABRANES,
            RICHARD C. WESLEY,
            SUSAN L. CARNEY,
                 *Circuit Judges.*
_____

SUSANA PALOMINO-ALZAMORA,
            *Petitioner,*

        v.                                  10-4032-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*
_____

FOR PETITIONER:        H. Raymond Fasano, Youman, Madeo &
                       Fasano, LLP, New York, NY.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; John S. Hogan, Senior
                       Litigation Counsel, Aimee J.
                       Frederickson, Trial Attorney, Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Susana Palomino-Alzamora, a native of Peru and a citizen of Spain, seeks review of a September 8, 2010, decision of the BIA denying her motion to reopen and reconsider. *In re Susana Palomino-Alzamora,* No. A096 679 485 (B.I.A. Sept. 8, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case. We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

The BIA did not abuse its discretion in denying Palomino-Alzamora's motion to reopen and reconsider. "A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision . . . [and] must be filed with the [BIA] within 30 days after the mailing of the [BIA] decision." 8 C.F.R. § 1003.2(b); *see also* 8 U.S.C. § 1229a(c)(6)(B), (C). Palomino-Alzamora's motion to reconsider was untimely, as it was filed 81 days after the BIA's decision was mailed.

2

Moreover, she did not demonstrate the requisite prejudice necessary to toll the filing period based on ineffective assistance of counsel. *See Rashid v. Mukasey*, 533 F.3d 127, 130-31 (2d Cir. 2008); *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994). Thus, in her motion to reconsider, Palomino-Alzamora argued that the BIA erred by affirming an immigration judge's ("IJ") denial of adjustment of status because the IJ did not have the authority to go beyond the approved I-130 petition and find that her marriage was not bona fide. Because Palomino-Alzamora made the same argument in her initial appeal to the BIA, and the BIA rejected that argument, the BIA was not required to reconsider it even had the motion been timely filed. *See Jin Ming Liu*, 439 F.3d at 111 (the BIA does not abuse its discretion by denying a motion to reconsider that merely repeats arguments that the BIA has previously rejected). Because Palomino-Alzamora did not identify any other putative error of law or fact in the BIA's initial decision, she failed to show that she was prejudiced by her prior attorney's failure to timely file the motion to reconsider. Accordingly, the BIA did not abuse its discretion in denying her motion to reconsider. *See* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1);

*Rabiu*, 41 F.3d at 882 (to demonstrate prejudice, an applicant "must make a prima facie showing that he would have been eligible for the relief [sought]").

To the extent that Palomino-Alzamora sought reopening, rather than reconsideration, her motion was timely. *See* 8 U.S.C. § 1229a(c)(7)(C). However, a "motion to reopen proceedings shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *See* 8 C.F.R. § 1003.2(c)(1); *see also* 8 U.S.C. § 1229a(c)(7)(B). As the BIA noted, Palomino-Alzamora did not submit or identify any additional evidence regarding her underlying request for relief from removal. Consequently, the BIA did not abuse its discretion in denying her motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1); *INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

4

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk